A

FILED NF DEC 17 2007

DEC 17 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

AMERICAN UNITED MORTGAGE COMPANY, a corporation,

Defendant.

07CV 7064
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE BROWN

**COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE AND OTHER RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), for its Complaint alleges as follows:

1. Plaintiff brings this action under Sections 5(a)(1), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 53(b), and 56(a); and Section 621 of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681s, to obtain monetary civil penalties, and injunctive or other equitable relief for Defendant's violations of the FCRA, 15 U.S.C. §1681 *et seq.*, including the Disposal of Consumer Report Information and Records Rule ("Disposal Rule"), 16 C.F.R. Part 682, issued pursuant to Section 628 of the FCRA, as amended by Section 216 of the Fair and Accurate Credit Transactions Act of 2003 ("FACT Act"), 15 U.S.C. § 1681w; the Privacy of Customer Financial Information Rule ("Privacy Rule"), 16 C.F.R. Part 313, issued pursuant to Title V, Subtitle A, of the Gramm-Leach-Bliley Act ("GLB Act"), 15

U.S.C. §§ 6801- 6809; and the Standards for Safeguarding Customer Information Rule ("Safeguards Rule"), 16 C.F.R. Part 314, issued pursuant to the GLB Act, 15 U.S.C. §§ 6801-6809.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 53(b), 56(a), and 1681s.

3. Venue in the United States District Court for the Northern District of Illinois is proper under 15 U.S.C. § 53(b) and under 28 U.S.C. §§ 1391 (b) - (c) and 1395(a).

**DEFENDANT**

4. Defendant American United Mortgage Company ("American United") is an Illinois corporation with its principal place of business located at 3100 Dundee, Suite 102, Northbrook, Illinois 60062. At all times relevant to this Complaint, American United has transacted business in the Northern District of Illinois.

**COMMERCE**

5. At all times relevant to this Complaint, Defendant has maintained a course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANT'S COURSE OF CONDUCT**

6. Defendant provides services in connection with financing home purchases and refinancing existing home mortgages, including, but not limited to, accepting, receiving, and processing loan applications, in person, by mail, and online. In providing these services, Defendant collects personal information about consumers, including, but not limited to,

consumer names, social security numbers, bank and credit card account numbers, income histories, credit histories, and consumer reports (collectively, "consumers' personal information"), from consumers, consumer reporting agencies, banks and other lenders, real estate brokers, and others. Defendant maintains consumers' personal information in paper and electronic files.

7. American United, a mortgage company, is a "financial institution," as that term is defined in Section 509(3)(A) of the GLB Act, 15 U.S.C. § 6809(3)(A), and is therefore subject to the requirements of the Privacy Rule and the Safeguards Rule. It also receives consumer reports from consumer reporting agencies and maintains the reports and information derived therefrom and is therefore subject to the requirements of the Disposal Rule.

8. Since at least December 2005, Defendant has engaged in a number of practices, that, taken together, failed to provide reasonable and appropriate security for consumers' personal information. Among other things, Defendant failed to: (1) implement reasonable policies and procedures requiring the proper disposal of consumers' personal information, including consumer reports and information derived therefrom; (2) take reasonable actions in disposing of such information, such as burning, pulverizing, or shredding consumer reports and information derived therefrom, so that it could not practicably be read or reconstructed; (3) identify reasonably foreseeable internal and external risks to customer information; and (4) develop, implement, or maintain a comprehensive written information security program.

9. As a result of Defendant's failures described above, intact American United documents containing consumers' personal information were found on multiple occasions in and around a dumpster near its office, that was unsecured and easily accessible to the public. In

February 2006, for example, hundreds of intact American United documents containing consumers' personal information were found in and around the dumpster, many in open trash bags. These documents included intact consumer reports and information derived therefrom, for thirty-six (36) individual consumers.

10. On or about March 3, 2006, Commission staff notified Defendant in writing that the disposal of documents containing consumers' personal information in the manner described in Paragraph 9 created a risk of unauthorized access to consumers' personal information and could violate the Safeguards and Disposal Rules.

11. Subsequent to this notice, on at least two occasions, additional intact American United documents containing consumers' personal information were found in and around the same dumpster adjacent to American United's office.

12. Additionally, from July 1, 2001, until March 2006, Defendant failed to provide American United customers with a privacy notice, as required by the Privacy Rule, describing its information collection and sharing practices with respect to affiliated and non-affiliated third parties.

## COUNT I

## VIOLATION OF THE DISPOSAL RULE

13. The Disposal Rule, which implements Section 216 of the FACT Act, as it amends the Fair Credit Reporting Act, was promulgated by the Commission on November 24, 2004, and became effective on June 1, 2005. The Rule requires any person who maintains or otherwise possesses consumer information for a business purpose to take reasonable measures to protect against unauthorized access to or use of the information in connection with its disposal.

14. Section 621 of the FCRA, 15 U.S.C. §1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

15. Defendant maintains and possesses consumer information as that term is defined in the Disposal Rule, 16 C.F.R. § 682.1(b).

16. Through the acts and practices alleged in Paragraphs 6 -11, Defendant failed to take reasonable measures to protect against unauthorized access to or use of consumer information in connection with its disposal, in violation of the Disposal Rule, 16 C.F.R. Part 682.

## COUNT II

## VIOLATION OF THE SAFEGUARDS RULE

17. The Safeguards Rule, which implements Section 501(b) of the GLB Act, 15 U.S.C. § 6801(b), was promulgated by the Commission on May 23, 2002, and became effective on May 23, 2003. The Rule requires financial institutions to protect the security, confidentiality, and integrity of customer information by developing a comprehensive written information security program containing reasonable administrative, technical, and physical safeguards, including safeguards used to access, collect, distribute, process, protect, store, use, transmit, dispose of, or otherwise handle customer information.

18. Through the acts and practices alleged in Paragraphs 6 -11, Defendant failed to develop or implement reasonable administrative, technical, and physical safeguards to protect the security, confidentiality, and integrity of customer information, in violation of the Safeguards

Rule. In addition, Defendant failed to identify reasonably foreseeable internal and external risks to customer information, and failed to develop, implement, or maintain a comprehensive written information security program, as required by the Rule, 16 C.F.R. Part 314.

**COUNT III**

**VIOLATION OF THE PRIVACY RULE**

19. The Privacy Rule, which implements Sections 501-509 of the GLB Act, 15 U.S.C. §§ 6801-6809, was promulgated by the Commission on May 24, 2000, and became effective on July 1, 2001. The Rule requires financial institutions to provide consumers, no later than when a customer relationship arises and annually for the duration of that relationship, "a clear and conspicuous notice that accurately reflects [the financial institution's] privacy policies and practices" including its security policies and practices, 16 C.F.R. §§ 313.4(a), 313.5(a)(1), and 313.6(a).

20. As set forth in Paragraph 12, from July 1, 2001 until March 2006, Defendant failed to provide its customers with a copy of its privacy policy in violation of the Privacy Rule, 16 C.F.R. Part 313.

**CONSUMER INJURY**

21. Consumers in the United States have suffered and will suffer injury as a result of Defendant's violations of the Disposal, Safeguards, and Privacy Rules. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

**THIS COURT'S POWER TO GRANT RELIEF**

22. Section 621(a)(2) of the FCRA, 15 U.S.C. § 1681s(a)(2), authorizes the Court to award monetary civil penalties of not more than $2,500 per violation of Section 628 of the

FCRA.

23. Each instance in which American United failed to comply with the Disposal Rule, 16 C.F.R. Part 682, constitutes a separate violation of the FCRA for the purpose of assessing monetary civil penalties.

24. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction prohibiting Defendant from violating the FCRA, including violations of Section 628.

**PRAYER FOR INJUNCTIVE AND MONETARY RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court, pursuant to 15 U.S.C. §§ 45(a), 53(b), and 1681s, and pursuant to this Court's own powers:

1. Enter judgment against Defendant and in favor of Plaintiff for each violation alleged in this Complaint;

2. Award Plaintiff monetary civil penalties for each violation of the Disposal Rule as alleged in this Complaint;

3. Enjoin Defendant from violating the Disposal, Safeguards, and Privacy Rules;

4. Award such additional relief as the Court deems just and proper.

DATED: December 17, 2007

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice

Of Counsel:

C. STEVEN BAKER
Director
Federal Trade Commission
Midwest Region

THERESA M. McGREW
ROLANDO BERRELEZ
Federal Trade Commission
Attorneys
55 West Monroe, Suite 1825
Chicago, Illinois 60603
(312) 960-5634 [Telephone]
(312) 960-5600 [Facsimile]

PATRICK FITZGERALD
United States Attorney
Northern District of Illinois

By: ______________________
Assistant U.S. Attorney
219 South Dearborn, 5th Floor
Chicago, Illinois 60604
(312) 353-5300 [Telephone]
(312) 353-2067 [Facsimile]

EUGENE M. THIROLF
Director,
KENNETH L. JOST
Deputy Director,
Office of Consumer Litigation

By: ______________________
JOHN W. BURKE
Trial Attorney, Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044-0386
(202) 616-0219 [Telephone]
(202) 514-8742 [Facsimile]
josh.burke@usdoj.gov [email]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN UNITED MORTGAGE COMPANY, a corporation,<br><br>Defendant. | Civil Action No. |

**STIPULATED FINAL JUDGMENT AND ORDER FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), is concurrently filing the Complaint herein, which alleges that Defendant American United Mortgage Company, has engaged in violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681-1681x, and Subtitle A, Title V, of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809. Defendant has been represented by the attorney whose name appears hereafter. The parties have agreed to entry of this Stipulated Final Judgment and Order for Civil Penalties, Permanent Injunction, and Other Equitable Relief ("Order") to resolve all matters in dispute in this action without trial or adjudication of any issue of law or fact herein and without Defendant admitting the truth of, or liability for, any of the matters alleged in the Complaint. Defendant has waived service of the Summons and Complaint.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

**FINDINGS**

1. This Court has jurisdiction over the subject matter of this case and over all of the parties.

2. Venue in this District is proper under 28 U.S.C. §1391(b) - (c), and 15 U.S.C. § 53(b).

3. The Complaint states claims upon which relief may be granted against Defendant under: Sections 5(a)(1), 13(b), and16(a) of the FTC Act, 15 U.S.C. §§ 45(a)(1), 53(b), and 56(a); Section 621(a) of the FCRA, 15 U.S.C. §1681s; the Disposal of Consumer Report Information and Records Rule ("Disposal Rule"), 16 C.F.R. Part 682, promulgated pursuant to Section 216 of the Fair and Accurate Credit Transactions Act, amending Section 628 of the FCRA, 15 U.S.C. §1681w; the Privacy of Customer Financial Information Rule ("Privacy Rule"), 16 C.F.R. Part 313, promulgated pursuant to Title V, Subtitle A, of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. §§ 6801- 6809; and under the GLB Act's Standards for Safeguarding Customer Information Rule ("Safeguards Rule"), 16 C.F.R. Part 314.

4. Defendant makes no admissions to, and denies, the allegations in the Complaint, other than the jurisdictional facts.

5. Defendant waives: (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Order; (b) any claim Defendant may have against the Commission, its employees, representatives, or agents that relate to the matter stated herein; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat.

847, 863-64 (1996); and (d) any rights to attorney's fees that may arise under said provision of law.

6. Entry of this Order is in the public interest.

7. For purposes of this Order:

a. "Defendant" shall mean American United Mortgage Company;

b. The definitions set forth in the FCRA, 15 U.S.C. §§ 1681a and 1681w; the Disposal Rule, 16 C.F.R. § 682.1(b); and the GLB Act, 15 U.S.C. §§ 6801- 6809, shall apply.

**ORDER**

**I. CIVIL PENALTY**

**IT IS ORDERED** that Defendant American United Mortgage Company, its successors and assigns, shall pay to Plaintiff, pursuant to Section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), a civil penalty in the amount of Fifty Thousand Dollars ($50,000).

A. Within thirty (30) days of the signing of this Order, Defendant shall turn over the full amount of the civil penalty to its attorney, who shall hold the entire sum for no purpose other than payment to the Treasurer of the United States after entry of this Order by the Court. Within five (5) days of receipt of notice of the entry of this Order by the District Court, Defendant's attorney shall transfer the civil penalty payment in the form of a wire transfer or certified or cashier's check made payable to the Treasurer of the United States. Wire transfers made pursuant to Section I of this Order shall be made in accordance with instructions provided by the Department of Justice. The check or written confirmation of the wire transfer shall be delivered to the Director, Office of Consumer Litigation, U.S. Department of Justice, Civil Division, P.O. Box 386, Washington, D.C. 20044. The cover letter accompanying the check shall include the

title of this litigation and a reference to DJ# 102-3437 . In addition, Defendant American United Mortgage Company shall send written confirmation of the wire transfer or of payment by certified or cashier's check to the FTC's counsel of record: Theresa M. McGrew, Federal Trade Commission, 55 West Monroe, Suite 1825, Chicago, Illinois 60603, Re: *FTC v. American United Mortgage Company,* Civil Action No. ________________.

B. In the event of default on the payment required to be made by this Section, the entire unpaid civil penalty, together with interest computed under 28 U.S.C. § 1961 -- accrued from the date of default until the date of payment -- shall be immediately due and payable. Defendant agrees that, in such event, the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by Plaintiff or the Commission to enforce their rights pursuant to this Order, including, but not limited to, a nondischargeability complaint in any subsequent bankruptcy proceeding.

C. Defendant shall cooperate fully with Plaintiff and the Commission and their agents in all attempts to collect the amount due pursuant to this Section if Defendant fails to pay fully the amount due at the time specified herein. In such an event, Defendant agrees to provide Plaintiff and the Commission with its federal and state tax returns for the preceding two years, and to complete new standard-form financial disclosure forms fully and accurately within ten (10) business days of receiving a request from Plaintiff or the Commission to do so. Defendant further authorizes Plaintiff and the Commission to verify all information provided on its financial disclosure forms with all appropriate third parties, including, but not limited to, financial institutions.

D. Defendant is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Commission its taxpayer identifying number (social security number or employer identification number), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of such defendant's relationship with the government.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendant, and its successors and assigns, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, website, or other device, are hereby permanently restrained and enjoined from violating any provision of:

A. The Disposal Rule, 16 C.F.R. Part 682;

B. The Privacy Rule, 16 C.F.R. Part 313; or

C. The Safeguards Rule, 16 C.F.R. Part 314;

as these Rules are currently promulgated or as they may hereafter be amended. In the event that any of these Rules are hereafter amended or modified, Defendant's compliance with that Rule as so amended or modified shall not be a violation of this Order.

## III. BIENNIAL ASSESSMENT REQUIREMENTS

**IT IS FURTHER ORDERED** that Defendant, and its successors and assigns, in connection with their compliance with Section II (A) and (C) of this Order, shall obtain initial and biennial assessments and reports ("Assessments") from a qualified, objective, independent third-party professional, using procedures and standards generally accepted in the profession. The reporting period for the Assessments shall cover: (1) the first one hundred and eighty (180)

days after service of the Order for the initial Assessment, and (2) each two (2) year period thereafter for ten (10) years after service of this Order for the biennial Assessments. Each Assessment shall:

    A.    Set forth the specific administrative, technical, and physical safeguards that Defendant has implemented and maintained during the reporting period;

    B.    Explain how such safeguards are appropriate to Defendant's size and complexity, the nature and scope of Defendant's activities, and the sensitivity of the personal information collected from or about consumers;

    C.    Explain how the safeguards that have been implemented meet or exceed the protections required by Section II (A) and (C) of this Order; and

    D.    Certify that Defendant's security program(s) is operating with sufficient effectiveness to provide reasonable assurance that the security, confidentiality, and integrity of personal information is protected and has so operated throughout the reporting period.

Each Assessment shall be prepared and completed within sixty (60) days after the end of the reporting period to which the Assessment applies by a person qualified to assess compliance with this Order, including a person qualified as a Certified Information System Security Professional (CISSP) or as a Certified Information Systems Auditor (CISA); a person holding Global Information Assurance Certification (GIAC) from the SysAdmin, Audit, Network, Security (SANS) Institute; or a similarly qualified person or organization approved by the Commission's Associate Director for Enforcement, Bureau of Consumer Protection.

Defendant shall provide the initial Assessment, as well as all: plans, reports, studies, reviews, audits, audit trails, policies, training materials, and assessments, whether prepared by or

on behalf of the Defendant, relied upon to prepare such Assessment to the Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, Washington, D.C. 20580, within ten (10) days after the Assessment has been prepared. All subsequent biennial Assessments shall be retained by Defendant until this Order is terminated and provided to the Associate Director of Enforcement within ten (10) days of request.

## IV. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A. Within thirty (30) days of receipt of written notice from a representative of the Commission, Defendant, and its successors and assigns, shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control, to inspect the business operation;

B. In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including, but not limited to, obtaining discovery from any person, without further leave of Court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to the Disposal, Privacy, and Safeguards Rules or to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## V. COMPLIANCE REPORTING BY DEFENDANT

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of ten (10) years from the date of entry of this Order, Defendant, and its successors and assigns, shall notify the Commission in writing at least thirty (30) days prior to any change in the structure of Defendant American United Mortgage Company, including, but not limited to, any change which may affect Defendant's obligations under this Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the proposed filing of a bankruptcy petition; or a change in the corporate name or address;

B. One hundred and eighty (180) days after the date of entry of this Order and at such other times as the Commission shall require, Defendant, and its successors and assigns, shall file with the Commission a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied with this Order;

C. For a period of five (5) years from the date of entry of this Order, Defendant, and its successors and assigns, shall maintain and make available to the Commission, upon request, any documents, whether prepared by or on behalf of the Defendant that:

    1. Demonstrate compliance with the terms and provisions of this Order; or

    2. Contradict, qualify, or call into question Defendant's compliance with this Order;

D. For purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, mail all written reports, notifications, and other correspondence to the Commission to:

Associate Director for Enforcement
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580

Re: *FTC v. American United Mortgage Company*
Civil Action No. ______________________

For purposes of compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant.

## VI. DISTRIBUTION OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant, and its successors and assigns, shall within thirty (30) days of the date of entry of this Order, provide a copy of this Order to all of their officers, and directors, as well as agents, servants, and employees with managerial responsibilities relating to the subject matter of this Order; and, for a period of ten (10) years, shall also provide a copy of this Order to such future personnel within thirty (30) days after the person assumes such position or responsibilities. Defendant shall secure from each such person a signed statement acknowledging receipt of this Order.

## VII. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant, within five (5) business days of service of this Order, shall submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## VIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enabling all parties to this Order to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Order, for the enforcement of compliance with this Order, or for the punishment of violations thereof.

## IX. NOTICE OF ENTRY OF ORDER

**IT IS FURTHER ORDERED** that entry in the docket of this Order by the Clerk of the Court shall constitute notice to the Defendant of the terms and conditions of this Order, and that the Defendant waives all rights to contest in any future proceedings whether Defendant was properly served with this Order.

**JUDGMENT IS THEREFORE ENTERED** in favor of the Plaintiff and against the Defendant, pursuant to all the terms and conditions recited above.

**IT IS SO ORDERED** this ____ day of ________________________, 2007.

______________________________
UNITED STATES DISTRICT JUDGE

The parties, by their respective counsel, hereby consent to the terms and conditions of the Order as set forth above and consent to the entry thereof.

OF COUNSEL:
C. STEVEN BAKER
Director
Federal Trade Commission
Midwest Region

FOR PLAINTIFF THE UNITED STATES OF AMERICA
JEFFREY S. BUCHOLTZ
Assistant Attorney General
Civil Division
U.S. Department of Justice

THERESA M. McGREW
ROLANDO BERRELEZ
Attorneys, Midwest Region
Federal Trade Commission
55 West Monroe, Suite 1825
Chicago, Illinois 60603
(312) 960-5634 [Telephone]
(312) 960-5600 [Facsimile]

PATRICK FITZGERALD
United States Attorney
Northern District of Illinois

Assistant U.S. Attorney
219 South Dearborn, 5th Floor
Chicago, Illinois 60604
(312) 353-5300 [Telephone]
(312) 353-2067 [Facsimile]

EUGENE M. THIROLF
Director, Office of Consumer Litigation

Dated: 12/17/2007

By: ____________
Trial Attorney, Office of Consumer Litigation
U. S. Department of Justice
P.O. Box 386
Washington, D.C. 20044-0386
(202) 616-0219 [Telephone]
(202) 514-8742 [Facsimile]

FOR DEFENDANTS:

Dated: ____________

EUGENE A. SALGANIK, President
American United Mortgage Company

Dated: ____________

ARKADY PECK, Vice-President
American United Mortgage Company

Dated: ____________

SCOTT M. LEVIN, Esq.
Defrees & Fiske LLC
200 South Michigan, Suite 1100
Chicago, IL 60604-2480
(312) 372-4000 [Telephone]
(312) 939-5617 [Facsimile]