IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07cv7064 |
| AMERICAN UNITED MORTGAGE COMPANY, a corporation, | ) |
| Defendant. | ) |

### STIPULATED FINAL JUDGMENT AND ORDER FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), is concurrently filing the Complaint herein, which alleges that Defendant American United Mortgage Company, has engaged in violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681-1681x, and Subtitle A, Title V, of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809. Defendant has been represented by the attorney whose name appears hereafter. The parties have agreed to entry of this Stipulated Final Judgment and Order for Civil Penalties, Permanent Injunction, and Other Equitable Relief ("Order") to resolve all matters in dispute in this action without trial or adjudication of any issue of law or fact herein and without Defendant admitting the truth of, or liability for, any of the matters alleged in the Complaint. Defendant has waived service of the Summons and Complaint.

Page 1 of 11

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

### FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over all of the parties.

2. Venue in this District is proper under 28 U.S.C. §1391(b) - (c), and 15 U.S.C. § 53(b).

3. The Complaint states claims upon which relief may be granted against Defendant under: Sections 5(a)(1), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a)(1), 53(b), and 56(a); Section 621(a) of the FCRA, 15 U.S.C. §1681s; the Disposal of Consumer Report Information and Records Rule ("Disposal Rule"), 16 C.F.R. Part 682, promulgated pursuant to Section 216 of the Fair and Accurate Credit Transactions Act, amending Section 628 of the FCRA, 15 U.S.C. §1681w; the Privacy of Customer Financial Information Rule ("Privacy Rule"), 16 C.F.R. Part 313, promulgated pursuant to Title V, Subtitle A, of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. §§ 6801- 6809; and under the GLB Act's Standards for Safeguarding Customer Information Rule ("Safeguards Rule"), 16 C.F.R. Part 314.

4. Defendant makes no admissions to, and denies, the allegations in the Complaint, other than the jurisdictional facts.

5. Defendant waives: (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Order; (b) any claim Defendant may have against the Commission, its employees, representatives, or agents that relate to the matter stated herein; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat.

847, 863-64 (1996); and (d) any rights to attorney's fees that may arise under said provision of law.

  6.  Entry of this Order is in the public interest.

  7.  For purposes of this Order:

    a.  "Defendant" shall mean American United Mortgage Company;

    b.  The definitions set forth in the FCRA, 15 U.S.C. §§ 1681a and 1681w; the Disposal Rule, 16 C.F.R. § 682.1(b); and the GLB Act, 15 U.S.C. §§ 6801- 6809, shall apply.

### ORDER

### I. CIVIL PENALTY

**IT IS ORDERED** that Defendant American United Mortgage Company, its successors and assigns, shall pay to Plaintiff, pursuant to Section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), a civil penalty in the amount of Fifty Thousand Dollars ($50,000).

  A.  Within thirty (30) days of the signing of this Order, Defendant shall turn over the full amount of the civil penalty to its attorney, who shall hold the entire sum for no purpose other than payment to the Treasurer of the United States after entry of this Order by the Court. Within five (5) days of receipt of notice of the entry of this Order by the District Court, Defendant's attorney shall transfer the civil penalty payment in the form of a wire transfer or certified or cashier's check made payable to the Treasurer of the United States. Wire transfers made pursuant to Section I of this Order shall be made in accordance with instructions provided by the Department of Justice. The check or written confirmation of the wire transfer shall be delivered to the Director, Office of Consumer Litigation, U.S. Department of Justice, Civil Division, P.O. Box 386, Washington, D.C. 20044. The cover letter accompanying the check shall include the

Case 1:07-cv-07064   Document 6-2   Filed 01/28/2008   Page 4 of 11
Case 1:07-cv-07064   Document 6   Filed 01/28/2008   Page 5 of 11
Case 1:07-cv-07064   Document 1   Filed 12/17/2007   Page 12 of 19

title of this litigation and a reference to DJ# 102-3437. In addition, Defendant American United Mortgage Company shall send written confirmation of the wire transfer or of payment by certified or cashier's check to the FTC's counsel of record: Theresa M. McGrew, Federal Trade Commission, 55 West Monroe, Suite 1825, Chicago, Illinois 60603, Re: *FTC v. American United Mortgage Company*, Civil Action No. _____.

B. In the event of default on the payment required to be made by this Section, the entire unpaid civil penalty, together with interest computed under 28 U.S.C. § 1961 -- accrued from the date of default until the date of payment -- shall be immediately due and payable. Defendant agrees that, in such event, the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by Plaintiff or the Commission to enforce their rights pursuant to this Order, including, but not limited to, a nondischargeability complaint in any subsequent bankruptcy proceeding.

C. Defendant shall cooperate fully with Plaintiff and the Commission and their agents in all attempts to collect the amount due pursuant to this Section if Defendant fails to pay fully the amount due at the time specified herein. In such an event, Defendant agrees to provide Plaintiff and the Commission with its federal and state tax returns for the preceding two years, and to complete new standard-form financial disclosure forms fully and accurately within ten (10) business days of receiving a request from Plaintiff or the Commission to do so. Defendant further authorizes Plaintiff and the Commission to verify all information provided on its financial disclosure forms with all appropriate third parties, including, but not limited to, financial institutions.

Case 1:07-cv-07064    Document 6-2    Filed 01/28/2008    Page 5 of 11
Case 1:07-cv-07064    Document 6    Filed 01/28/2008    Page 6 of 11
Case 1:07-cv-07064    Document 1    Filed 12/17/2007    Page 13 of 19

D.  Defendant is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Commission its taxpayer identifying number (social security number or employer identification number), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of such defendant's relationship with the government.

## II.  PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendant, and its successors and assigns, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, website, or other device, are hereby permanently restrained and enjoined from violating any provision of:

A.  The Disposal Rule, 16 C.F.R. Part 682;

B.  The Privacy Rule, 16 C.F.R. Part 313; or

C.  The Safeguards Rule, 16 C.F.R. Part 314;

as these Rules are currently promulgated or as they may hereafter be amended. In the event that any of these Rules are hereafter amended or modified, Defendant's compliance with that Rule as so amended or modified shall not be a violation of this Order.

## III.  BIENNIAL ASSESSMENT REQUIREMENTS

**IT IS FURTHER ORDERED** that Defendant, and its successors and assigns, in connection with their compliance with Section II (A) and (C) of this Order, shall obtain initial and biennial assessments and reports ("Assessments") from a qualified, objective, independent third-party professional, using procedures and standards generally accepted in the profession. The reporting period for the Assessments shall cover: (1) the first one hundred and eighty (180)

Case 1:07-cv-07064  Document 6-2  Filed 01/28/2008  Page 6 of 11
Case 1:07-cv-07064  Document 6  Filed 01/28/2008  Page 7 of 11
Case 1:07-cv-07064  Document 1  Filed 12/17/2007  Page 14 of 19

days after service of the Order for the initial Assessment, and (2) each two (2) year period thereafter for ten (10) years after service of this Order for the biennial Assessments. Each Assessment shall:

    A.    Set forth the specific administrative, technical, and physical safeguards that Defendant has implemented and maintained during the reporting period;

    B.    Explain how such safeguards are appropriate to Defendant's size and complexity, the nature and scope of Defendant's activities, and the sensitivity of the personal information collected from or about consumers;

    C.    Explain how the safeguards that have been implemented meet or exceed the protections required by Section II (A) and (C) of this Order; and

    D.    Certify that Defendant's security program(s) is operating with sufficient effectiveness to provide reasonable assurance that the security, confidentiality, and integrity of personal information is protected and has so operated throughout the reporting period.

Each Assessment shall be prepared and completed within sixty (60) days after the end of the reporting period to which the Assessment applies by a person qualified to assess compliance with this Order, including a person qualified as a Certified Information System Security Professional (CISSP) or as a Certified Information Systems Auditor (CISA); a person holding Global Information Assurance Certification (GIAC) from the SysAdmin, Audit, Network, Security (SANS) Institute; or a similarly qualified person or organization approved by the Commission's Associate Director for Enforcement, Bureau of Consumer Protection.

Defendant shall provide the Initial Assessment, as well as all: plans, reports, studies, reviews, audits, audit trails, policies, training materials, and assessments, whether prepared by or

Case 1:07-cv-07064   Document 6-2   Filed 01/28/2008   Page 7 of 11
Case 1:07-cv-07064   Document 6   Filed 01/28/2008   Page 8 of 11
Case 1:07-cv-07064   Document 1   Filed 12/17/2007   Page 15 of 19

on behalf of the Defendant, relied upon to prepare such Assessment to the Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, Washington, D.C. 20580, within ten (10) days after the Assessment has been prepared. All subsequent biennial Assessments shall be retained by Defendant until this Order is terminated and provided to the Associate Director of Enforcement within ten (10) days of request.

### IV. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

    A.    Within thirty (30) days of receipt of written notice from a representative of the Commission, Defendant, and its successors and assigns, shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control, to inspect the business operation;

    B.    In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including, but not limited to, obtaining discovery from any person, without further leave of Court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to the Disposal, Privacy, and Safeguards Rules or to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

### V. COMPLIANCE REPORTING BY DEFENDANT

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of ten (10) years from the date of entry of this Order, Defendant, and its successors and assigns, shall notify the Commission in writing at least thirty (30) days prior to any change in the structure of Defendant American United Mortgage Company, including, but not limited to, any change which may affect Defendant's obligations under this Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the proposed filing of a bankruptcy petition; or a change in the corporate name or address;

B. One hundred and eighty (180) days after the date of entry of this Order and at such other times as the Commission shall require, Defendant, and its successors and assigns, shall file with the Commission a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied with this Order;

C. For a period of five (5) years from the date of entry of this Order, Defendant, and its successors and assigns, shall maintain and make available to the Commission, upon request, any documents, whether prepared by or on behalf of the Defendant that:

 1. Demonstrate compliance with the terms and provisions of this Order; or

 2. Contradict, qualify, or call into question Defendant's compliance with this Order;

Case 1:07-cv-07064   Document 6-2   Filed 01/28/2008   Page 9 of 11
Case 1:07-cv-07064   Document 6   Filed 01/28/2008   Page 10 of 11
Case 1:07-cv-07064   Document 1   Filed 12/17/2007   Page 17 of 19

D.  For purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, mail all written reports, notifications, and other correspondence to the Commission to:

> Associate Director for Enforcement
> Federal Trade Commission
> 601 New Jersey Avenue, N.W.
> Washington, D.C. 20580
>
> Re: *FTC v. American United Mortgage Company*
>    Civil Action No. _____

For purposes of compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant.

### VI.  DISTRIBUTION OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant, and its successors and assigns, shall within thirty (30) days of the date of entry of this Order, provide a copy of this Order to all of their officers, and directors, as well as agents, servants, and employees with managerial responsibilities relating to the subject matter of this Order; and, for a period of ten (10) years, shall also provide a copy of this Order to such future personnel within thirty (30) days after the person assumes such position or responsibilities. Defendant shall secure from each such person a signed statement acknowledging receipt of this Order.

### VII.  ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant, within five (5) business days of service of this Order, shall submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

### VIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enabling all parties to this Order to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Order, for the enforcement of compliance with this Order, or for the punishment of violations thereof.

### IX. NOTICE OF ENTRY OF ORDER

**IT IS FURTHER ORDERED** that entry in the docket of this Order by the Clerk of the Court shall constitute notice to the Defendant of the terms and conditions of this Order, and that the Defendant waives all rights to contest in any future proceedings whether Defendant was properly served with this Order.

**JUDGMENT IS THEREFORE ENTERED** in favor of the Plaintiff and against the Defendant, pursuant to all the terms and conditions recited above.

IT IS SO ORDERED this 28th day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE

The parties, by their respective counsel, hereby consent to the terms and conditions of the Order as set forth above and consent to the entry thereof.

| | |
|---|---|
| OF COUNSEL: | FOR PLAINTIFF THE UNITED STATES OF AMERICA |
| C. STEVEN BAKER | JEFFREY S. BUCHOLTZ |
| Director | Assistant Attorney General |
| Federal Trade Commission | Civil Division |
| Midwest Region | U.S. Department of Justice |

| | |
|---|---|
| THERESA M. McGREW<br>ROLANDO BERRELEZ<br>Attorneys, Midwest Region<br>Federal Trade Commission<br>55 West Monroe, Suite 1825<br>Chicago, Illinois 60603<br>(312) 960-5634 [Telephone]<br>(312) 960-5600 [Facsimile] | PATRICK FITZGERALD<br>United States Attorney<br>Northern District of Illinois<br><br>_/s/ signature_<br><br>Assistant U.S. Attorney<br>219 South Dearborn, 5th Floor<br>Chicago, Illinois 60604<br>(312) 353-5300 [Telephone]<br>(312) 353-2067 [Facsimile]<br><br>EUGENE M. THIROLF<br>Director, Office of Consumer Litigation |
| Dated: 12/17/2007 | By: _/s/ signature_<br>Trial Attorney, Office of Consumer Litigation<br>U. S. Department of Justice<br>P.O. Box 386<br>Washington, D.C. 20044-0386<br>(202) 616-0219 [Telephone]<br>(202) 514-8742 [Facsimile]<br><br>FOR DEFENDANT |
| Dated: _____ | _/s/ signature_<br>EUGENE A. SALGANIK, President<br>American United Mortgage Company |
| Dated: _____ | _/s/ signature_<br>ARKADY PECK, Vice-President<br>American United Mortgage Company |
| Dated: _____ | _/s/ signature_<br>SCOTT M. LEVIN, Esq.<br>Defrees & Fiske LLC<br>200 South Michigan, Suite 1100<br>Chicago, IL 60604-2480<br>(312) 372-4000 [Telephone]<br>(312) 939-5617 [Facsimile] |